Peelue, Ch. J.,
delivered the opinion of the court:
The only controversy in this case is as to the forfeiture of one month’s pay under the court-martial proceedings, the contention being that, though the sentence of the court-mar *32 tial was approved before the claimant was discharged, it was not promulgated until thereafter.
Whether the claimant was or was not honorably discharged after the approval of the court-martial proceedings is not material to the decision of the case, as the question is whether after approval the sentence of the court-martial became effective. If it did, then the one month’s pay was thereby forfeited. But if we were to assume that the promulgation of the proceedings was essential, the lapse of time after the approval in this case would not operate either to nullify or modify the sentence, but would, if essential thereto, relate back and make effective such proceedings.
However, the question of the jurisdiction of the court-martial over the person and the subject matter is not questioned, nor is the fact of the approval of the sentence and notice thereof to the accused questioned. Therefore the case comes within the ruling of the court in the case of Grafton v. United States, 206 U. S., 333, 346, where the court, quoting from Ex parte Reed, 100 U. S., 13, 23, said: “ The court had jurisdiction over the person and the case. It is 'the organism provided by law and clothed with the duty of administering justice in this class of cases. Having had such jurisdiction, its proceedings can not be collaterally impeached for any mere error or irregularity, if there were such, committed within the sphere of its authority. Its judgments, when approved as required, rest on the same basis and are surrounded by the same considerations which give conclusiveness to the judgments of other legal tribunals, including as well the lowest as the highest, under like circumstances. The exercise of discretion, within authorized limits, can not be assigned for error and made the subject of review by an appellate court.”
The error complained of does not go to the jurisdiction of the court. The promulgation of the sentence was for the information of the public, and particularly for the military arm of the Government, and in no way affected the validity of the sentence, which had been duly approved and the accused notified thereof.
A statement of the account is set forth in the findings, and assuming without deciding that the claimant, in the absence *33 of more specific proof, is entitled to the travel subsistence therein set forth, there still remains a small balance in favor of the United States; but as there is no counterclaim (United States v. Mitchell, 205 U. S., 161), and the original claimant has since died, we simply hold that the claimant is nof entitled to recover, and his petition is dismissed.